IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RIOVONNI BRYANT, BRANDON MCKINNEY, EMILY PADILLA, and AZAREL TUTMAN, individually and on behalf of all other similarly situated persons,** | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | ) Civil Action No. 1:24-cv-04141-AT<br>) |
| **v.** | )<br>) |
| **UNIFI AVIATION, LLC,** | )<br>) |
| **Defendant.** | ) |

### DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendant, Unifi Aviation, LLC, ("Defendant or Unifi"), respectfully moves this Court for an Order staying this action and compelling arbitration of the claim asserted by the Named Plaintiffs as set forth in the Complaint (ECF No. 1). Pursuant to a "MUTUAL ARBITRATION AGREEMENT," Named Plaintiffs, Riovonni Bryant ("Bryant"), Brandon McKinney ("McKinney"), Emily Padilla ("Padilla"), and Azarel Tutman ("Tutman") (collectively "Named Plaintiffs"), are each signatory to binding Mutual Arbitration Agreements ("the Agreement") in which they agree that claims arising out of their employment with Unifi will be resolved only via binding arbitration. In the event of a dispute between Named Plaintiffs and Unifi regarding any mattered covered by the Agreement, Named Plaintiffs' only recourse is to demand arbitration. Choosing to ignore their contractual commitments, Named Plaintiffs have chosen not to demand arbitration, and have instead chosen to file suit in derogation of their written promises to arbitrate. Because Named Plaintiffs' Fair Labor Standards Act ("FLSA") claim is indisputably covered by

the Agreement, the Court should defer to the Parties' contractual promise to arbitrate, compel arbitration, and stay the proceedings.

This Motion is supported by the following Memorandum in Law.

Respectfully submitted,

THOMPSON HINE LLP

/s/ John F. Wymer, III
John F. Wymer, III
Georgia Bar No. 779418
John.Wymer@ThompsonHine.com
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326-4266
Tel.: 404.407-3669
Fax: 404.541.2905

/s/ Michael J. Myers
Michael J. Myers
*Pro Hac Vice Pending*
(OH Bar No. 0096367)
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio  45202
Telephone: (513) 352-6721
Facsimile: (513) 241-477
Michael.Myers@ThompsonHine.com

*Attorneys for Defendant, Unifi Aviation, LLC*

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

## I. INTRODUCTION

The individually Named Plaintiffs, Riovonni Bryant ("Bryant"), Brandon McKinney ("McKinney"), Emily Padilla ("Padilla"), and Azarel Tutman ("Tutman") (collectively "Named Plaintiffs"), are each signatory to an enforceable Mutual Arbitration Agreement ("the Agreement") in which they agree that claims arising out of their employment with Unifi will be resolved only via binding arbitration.  Under the terms of the Agreement, if a dispute arises with respect to a matter covered by the Agreement, Named Plaintiffs are required to demand arbitration as the sole means of resolving the dispute.  Named Plaintiffs did not demand arbitration as required by the Agreement and instead chose to sue. Because Named Plaintiffs' FLSA claim is indisputably covered by the Agreement and is subject to mandatory arbitration, the Court should defer to the Parties' contractual promise to arbitrate this dispute and compel arbitration.

## II. BACKGROUND

Headquartered in Atlanta, Georgia, Unifi provides a broad range of ground aviation services from ticketing and ground-handling, to assisting passengers with wheelchair services. Unifi currently services approximately 200 airport locations worldwide. *See*, Unifi – North America's Largest Provider of Aviation Services (www.unifiservice.com).

During the new-employee onboarding process, Unifi requires all new hires to review and assent to various policies through a third-party digital portal. See Declaration of Gregory O'Donoghue ("O'Donoghue Decl.") attached as Exhibit A at ¶¶ 2-3, See also Declaration of Neha Sharma ("Sharma Decl.") attached as Exhibit B at ¶ 3.  Prior to June 6, 2022, Unifi utilized a software program known as UKG, and formerly known as UltiPro ("UltiPro") as its digital portal

for the new-employee onboarding process. O'Donoghue Decl. at ¶ 2. As such, Bryant, McKinney, and Tutman completed the onboarding process using the UKG portal. Id. at ¶¶ 1-2. After June 6, 2022, Unifi stopped using UltiPro and began using a software service known as Avature for its new employee onboarding process. Sharma Decl. at ¶ 2. Padilla was hired after Unifi began using Avature for its new employee onboarding needs. Id.

Both portals operate similarly in that provide access to employee login information, which is unique to the individual user, and they require users to review all documents before assenting to them. O'Donoghue Decl. at ¶¶ 3-5, Sharma Decl. at ¶¶ 3-5. The Agreement is one of the documents new employees are required to review and execute during the onboarding process. O'Donoghue Decl. at ¶ 5, Sharma Decl. at ¶ 6. Employees hired to work at the Hartsfield-Jackson Atlanta Airport ("ATL") are included.

In late 2021, Plaintiffs Bryant and McKinney were hired by Unifi to work at the ATL location as Customer Service Leads. Comp. at ¶4. In early 2022, Unifi hired Plaintiff Tutman to serve as a Wheelchair Agent. Id. Finally, Plaintiff Padilla was hired in late July 2022 as a Customer Service Lead at ATL. Id. During the on-boarding process, as with all new hires, Named Plaintiffs were required to review the various onboarding documents related to their employment, including the Agreement. See O'Donoghue Decl. at ¶ 3, Sharma Decl. at ¶¶ 2-6. McKinney completed this task and executed the Agreement on October 11, 2021. O'Donoghue Decl. at ¶ 12. Bryant executed the Agreement on October 25, 2021. Id. at ¶ 11. Tutman executed the Agreement on April 13, 2022. Id. at ¶ 13. Padilla executed the Agreement on July 25, 2022. Sharma Decl. at ¶ 6.

## III. PLAINTIFFS CONTRACTUALLY AGREED TO SUBMIT THEIR CLAIMS TO BINDING ARBITRATION.

Named Plaintiffs and Unifi have a valid, enforceable Agreement pursuant to which they commit that "Final and binding arbitration before a single, neutral arbitrator shall be the exclusive remedy for any 'Covered Claim' (as that term is hereinafter defined)." See Agreement attached hereto as Exhibit C[1] at § 1. The Agreement broadly defines "Covered Claim":

> 2. <u>Covered Claims</u>.  A "**Covered Claim**" is any existing, currently pending and/or future claim (except a claim that by law is non-arbitrable) that has arisen or arises between me, any third-party for which I pursue a claim, including but not limited to an individual, entity, and/or a state or federal agency, and the Company, its past, present, and future parent(s), subsidiaries, affiliates, and/or their respective past, present, and future officers, directors, and/or employees, including but not limited to claims arising from and/or relating in any way to my hiring, my employment with, and/or the severance of my employment with, the Company, to the full extent permitted by law. This agreement applies to successor entities without the need for a formal assignment by the Company. This agreement includes any Covered Claim brought against a third-party, including but not limited to any client(s) and/or vendor(s) of the Company, and this provision can be enforced by any such third-party through a motion to compel arbitration, to the extent necessary. Covered Claims are governed by this agreement regardless of whether they have already accrued or will accrue in the future.
>
> Covered Claims include, but are not limited to, any claim for breach of contract (express or implied, written or oral), for any violation of any provision of state equal employment law or state labor code or regulation or a wage order, for unpaid fees, expenses, wages, or overtime, for unpaid compensation or penalties for missed meal or rest breaks, for wrongful termination, for unfair competition, for discrimination, harassment, or unlawful retaliation, for claims for statutory damages, for violation of the **Fair Labor Standards Act**, federal or state Equal Pay Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Workers Adjustment and Retraining Notification Act, Title VII of the Civil Rights Act of 1964, or any other applicable federal, state, or local laws, to the full extent permitted by applicable law.

---

[1] The Agreement is also attached to the Declarations of Gregory O'Donoghue and Neha Sharma.  Although the appearance of the Agreement differs between Bryant, McKinney, and Tutman v. Padilla, the content of the Agreement is identical.  The difference is attributable to the switch from UltiPro to Avature, which is also why there are no physical copies of the Agreements executed by Bryant, McKinney or Tutman, but one does exist for Padilla.

Agreement, § 2. (bolding supplied).  Section 2 of the Agreement expressly includes as Covered Claims those brought under the Fair Labor Standards Act.

Section 5 of the Agreement details the process by which an employee initiates arbitration of a Covered Claim:

> 5. <u>Initiating Arbitration.</u>  To initiate arbitration, the initiating party must submit a written demand ("**Demand**") to the party alleged to be liable in the dispute, at the addresses provided in Section 13 of this agreement. The Demand must also be submitted to JAMS along with the JAMS Filing Fee, defined in Section 7 of this agreement.  The Demand must (i) be in writing, (ii) contain a statement of the specific claim to be arbitrated, including but not limited to, a detailed description of the alleged claim, the statutory or other basis for the claim(s), and the requested remedy or remedies, (iii) be submitted within the time period required under the applicable statute of limitations, and (iv) be initiated in accordance with the JAMS Rules.

Agreement, § 5.

The plain language of the Agreement requires Named Plaintiffs to submit a demand for arbitration with respect to a Covered Claim, which expressly includes FLSA claims or claims under "any other applicable federal, state or local law."  <u>Id</u>.  Named Plaintiffs have failed to do so.

## IV.   THE COURT SHOULD COMPEL ARBITRATION.

### A.  Federal Law Strongly Favors Arbitration.

In deciding a motion to enforce an arbitration agreement, the Court engages in a two-step inquiry. The first step requires the Court to "determine whether the parties agreed to arbitrate the dispute." <u>Klay v. Pacificare Health Sys., Inc</u>., 389 F.3d 1191 (11th Cir. 2004), <u>citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, I</u>nc., 473 U.S. 614, 105 S. Ct. (1985). The second step requires the Court to analyze whether "'legal constraints external to the parties' agreement foreclosed arbitration.'" <u>Id</u>.

With respect to the first step – whether the parties agreed to arbitrate the dispute - this inquiry is undertaken against the background of the "liberal federal policy favoring arbitration

agreements," and "the role of courts to `rigorously enforce agreements to arbitrate.'" Klay, 389 F.3d at 1200 (citation omitted). The Federal Arbitration Act ("FAA") "creates a presumption in favor of arbitrability." Palidino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1057 (11 Cir. 1998); see also Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987). Further, the FAA preempts state law "to the extent that [the state law] `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" in enacting the FAA. Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 477 (1989) (citation omitted). In other words, the FAA preempts state laws that require a judicial forum for the resolution of claims that the contracting parties agreed to resolve through arbitration. Id. at 478. The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983)

As a result, a party resisting arbitration bears the burden of showing that the arbitration provision is invalid or does not encompass the claims at issue. See Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 92 (2000).

Named Plaintiffs can show neither.

### B. The Agreement is Enforceable.

Whether the parties have an enforceable arbitration agreement is usually a question for the Court to decide.   Green Tree Fin. Corp. v. Bazzle, 539 U.S.  444, 452 (2003). Here the Court would apply Georgia contract law to decide the issue. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1368 (11th Cir. 2005) (stating that courts apply the contract law of the particular state that governs the formation of contracts). Under Georgia law, a contract is valid if there is

consideration, mutual assent, and the parties are able to contract over the subject matter. O.C.G.A. § 13-3-1.

There can be no reasonable dispute the Parties entered into the Agreement, which is an enforceable agreement to arbitrate. See O'Donoghue Decl. at ¶¶ 2-13, Sharma Decl. at ¶ 2-6. Named Plaintiffs were and are compensated for the services they provided, they voluntarily agreed to the terms and conditions set forth in the Agreement, and the Parties executed the Agreement.

### C.  Plaintiffs' Claim Is "Covered Claims" Subject to the Agreement.

Named Plaintiffs agreed to arbitrate all Covered Claims, a term that the Agreement expressly defines as including all "claims arising from and/or relating in any way to [Plaintiff's]… severance of…employment with, the Company" including "any violation of any provision of state equal employment law or state labor code or regulation…for wrongful termination,…for claims for statutory damages, for violation of the Fair Labor Standards Act,…the Americans with Disabilities Act,…or any other applicable federal, state, or local laws, to the full extent permitted by applicable law." Agreement, § 2.

The Complaint consists of a single count alleging that Unifi violated the FLSA in connection with the method by which Unifi calculated Named Plaintiffs' hours worked for compensation purposes. Comp. at ¶¶ 61-71.  That claim is suitable for arbitration. Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1337 (11th Cir. 2014) (affirming the district court's decision to dismiss FLSA collective action claims and compelling arbitration). In fact, courts throughout this Circuit regularly compel arbitration in circumstances like this. Bryant v. Toppers Int'l, Inc., No. 3:20-CV-61 (CDL), 2021 U.S. Dist. LEXIS 16019, at *7 (M.D. Ga. Jan. 28, 2021) (compelling arbitration of FLSA overtime claim that purported to assert claims on behalf of others); Lamour v Uber Techs., Inc., No. 1:16-CIV-21449, 2017 U.S. Dist. LEXIS 29706 (S.D.

Fla. Mar. 1, 2017) (compelling arbitration of FLSA overtime claim); Strozier v. E*Trade Fin. Corp., No. 1:12-CV-00330-AT, 2013 U.S. Dist. LEXIS 56226, at *41-42 (N.D. Ga. Feb. 27, 2013) (compelling arbitration of FLSA overtime claim); FLSA claims are suitable for arbitration even where, as here, they purport to assert claims on behalf of others. Giraud v. Woof Gang Bakery, No. 8:17-cv-2442-T-26AEP, 2018 U.S. Dist. LEXIS 74774 (M.D. Fla. May 3, 2018) (adopting the Magistrate's recommendation and compelling arbitration of FLSA claims brought individually and on behalf of several employees).

The Court here should do likewise.

## V. CONCLUSION

The Parties entered into a binding contract pursuant to which they agreed to mandatory, binding arbitration. Because the FLSA claim asserted in the Complaint is a Covered Claim under the Agreement and is thus subject to mandatory arbitration, Unifi respectfully requests that the Court compel arbitration.

Respectfully submitted,

THOMPSON HINE LLP

*/s/ John F. Wymer, III*
John F. Wymer, III
Georgia Bar No. 779418
John.Wymer@ThompsonHine.com
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, GA 30326-4266
Tel.: 404.407-3669
Fax: 404.541.2905

*/s/ Michael J. Myers*
Michael J. Myers
*Pro Hac Vice Pending*
(OH Bar No. 0096367)
THOMPSON HINE LLP

312 Walnut Street, Suite 2000
Cincinnati, Ohio  45202
Telephone: (513) 352-6721
Facsimile: (513) 241-477
Michael.Myers@ThompsonHine.com


*Attorneys for Defendant, Unifi Aviation, LLC*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing documents is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

Michael B. Shoenfeld, Esq.
STNAFORD FAGAN LLC
2540 Lakewood Avenue SW
Atlanta, GA 30315
(404) 662-0521, ext. 2244
Email: michaels@sfglawyers.com

*Counsel for Plaintiff*

                                                */s/ John F. Wymer, III*
                                                John F. Wymer, III
                                                Georgia Bar No. 779418