# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RIOVONNI BRYANT; BRANDON MCKINNEY; EMILY PADILLA; and AZARAEL TUTMAN, individually and on behalf of similarly situated persons,   :<br><br>Plaintiffs,   :<br>:<br>v.   :<br>:<br>UNIFI AVIATION, LLC,   :<br>:<br>Defendant.   : | CIVIL ACTION FILE NO:<br>1:24-CV-04141-AT |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FILE A SUR-SURREPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

COME NOW Plaintiffs Riovonni Bryant, Brandon McKinney, Emily Padilla, and Azarael Tutman (together "Plaintiffs"), individually and on behalf of all other similarly situated persons, and file this Response in Opposition to Defendant's Motion to File a Sur-Surreply in Support of its Motion to Compel Arbitration.

**I.   There is no "valid reason" for Defendant to file a sur-surreply.**

Put simply, there is no reason why Defendant should be permitted to file a sur-surreply. Plaintiffs did not raise any new issues in their Surreply brief, ECF No. 13-1, and only responded to the new arguments raised by Defendant in its Reply brief. ECF No. 12. In its Reply, Defendant had the opportunity to address

potential rebuttals to its arguments but did not. Thus, there is no "valid reason" for Defendant to file a sur-surreply at this juncture. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed.Appx. 777, 788 (11th Cir. 2008) ("[a] district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."), quoting *Fedrick v. Mercedes–Benz USA, LLC,* 366 F.Supp.2d 1190, 1197 (N.D.Ga. 2005) (internal quotations omitted).

**II.   Even if the Court permits the filing of Defendant's sur-surreply, it fails because the plain language of O.C.G.A. § 9-9-2(c)(9) demonstrates that the initialing requirement applies to stand-alone arbitration agreements.**

The initialing requirement of O.C.G.A. § 9-9-2(c)(9) applies to "[a]ny contract relating to terms and conditions of employment…" The "Mutual Arbitration Agreement" (the "Agreement") at issue in this case seeks to force the arbitration of all disputes arising from "any aspect of [Plaintiffs'] hiring, [Plaintiffs'] employment, and/or the severance of [Plaintiffs'] employment." Agreement at § 2. Thus, the Agreement clearly relates to "terms and conditions of

employment" including wages[1] and hiring and termination.[2] That is in addition to the attempted waiver - that was shown in Plaintiff's Surreply to be non-severable and unenforceable[3] - of the right to challenge alleged unlawful employment actions collectively with other employees, Agreement § 11, which also constitutes a term and condition of employment. Furthermore, the "Employment At Will" provision of the Agreement (Section 15) provides additional support that the Agreement is a contact "relating to terms and conditions of employment." O.C.G.A. § 9-9-2(c)(9). *See Farrior v H. J. Russell & Co.*, 45 F. Supp.2d 1358, 1365 (N.D. Ga. 1999) ("It is well established that even though a person's employment contract is at will he has a valuable contract right…"), citing *Troy v. Interfinancial, Inc.*, 171 Ga. App. 763, 766 (1984). Therefore, the Agreement is unenforceable because it was not "initialed by all signatories at the time of the execution …" *Id.*; ECF No. 5-1 at 7-13; ECF No. 5-2 at 11-13.

Not only are the arbitration clauses of the Agreement not initialed, but the

---

[1] *See* Agreement § 2 (requiring arbitration of "matters related to wages such as unpaid fees, expenses, wages, or overtime, for unpaid compensation or penalties for missed meal or rest breaks…")

[2] Including, but not limited to, "for wrongful termination, for unfair competition, for discrimination, harassment, or unlawful retaliation…" Agreement § 2.

[3] Defendant's characterization of the Agreement as a document that "addresses only one subject", Sur-Surreply at 3, underscores Plaintiffs argument that the provisions of the Agreement are non-severable because the Agreement "is entire and "stands or falls together.'" Surreply at 7, quoting O.C.G.A. § 13–1–8.

parties to the Agreement did not initial the Agreement at all. Georgia law requires that arbitration agreements be initialed "to ensure that [signatories] are not compelled to give up their common law right of access to the courts unless they specifically acknowledge the intent to do so by *initialing* the arbitration clause." *Pinnacle Constr. Co. v. Osborne*, 218 Ga. App. 366, 368 (1995) (emphasis added). It is not enough for Plaintiffs to electronically sign-away their common law right of access to the courts in their new-hire paperwork. Instead, the Georgia Arbitration Code contains a specific initialing requirement so that employees are made acutely aware of the gravity of their decision to waive their common law (and statutory) rights. *Id*.

In Defendant's Sur-surreply, it argues that "[s]urely a signature is as indicative of assent as one's initials." Sur-surreply at 3. Defendant is incorrect, however, because O.C.G.A. § 9-9-2(c)(9) plainly requires initials on an arbitration clause, not merely a signature. Indeed, it is not up to Defendant to determine what is "indicative of assent" under O.C.G.A. § 9-9-2(c)(9). The Georgia legislature made that determination, and the law it passed is clear that initials by all parties are required "*at the time of the execution of the agreement*."[4] O.C.G.A. § 9-9-2(c)(9)

---

[4] Even if Plaintiffs' signatures on the Agreement were enough to satisfy O.C.G.A. § 9-9-2(c)(9) – which they are not – Defendant has presented no evidence that the Agreement was signed by Unifi and Plaintiffs *at the same time* which is required under O.C.G.A. § 9-9-2(c)(9).

(emphasis added).

    The Georgia Supreme Court has explained that:

> Pursuant to the rules of statutory construction, <u>we presume that the General Assembly meant what it said and said what it meant</u>. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

*Major v. State*, 301 Ga. 147, 149 (2017) (citations and punctuations omitted in original; underline added).

    O.C.G.A. § 9-9-2(c)(9) says that in "*[a]ny* contract relating to terms and conditions of employment … the clause agreeing to arbitrate [must be] initialed by all signatories at the time of the execution of the agreement" in order for the arbitration clause to be enforceable. (Emphasis added). The "plain and ordinary meaning" of that requirement is that a clause in any employment related contract that requires an employee to arbitrate their claims against their employer must be initialed by the employee and employer at the time of execution of the agreement. *Id.*; *Major*, *supra*.

    Merriam-Webster defines "initialed" as "to affix an initial to" and defines "initial" as "the first letter of a name." *Initialed*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/initialed (last accessed, Dec. 8, 2024). Merriam-Webster further defines "signature" as "the name of a person written with his or her own hand." *Signature*, Merriam-Webster Dictionary,

5

https://www.merriam-webster.com/dictionary/signature (last accessed, Dec. 8, 2024). Thus, initialing a contract clause requires a party to affix the first letter of their name(s) to the document, while signing a clause requires a party to write their name. Here, it is undisputed that Plaintiffs and Unifi did not affix the "first letter" of their first or last names to any clause of the Agreement, and therefore the "plain and ordinary" initialing requirement set forth in O.C.G.A. § 9-9-2(c)(9) was not satisfied. The Georgia legislature "meant what it said and said what it meant" when it said that arbitration clauses must be initialed to be enforceable. *Major*, *supra*. Here, the arbitration clauses of the Agreement are not initialed, and thus the Agreement is not enforceable against Plaintiffs under Georgia law.

### III.  Conclusion

Plaintiffs respectfully submit that Defendant's Motion to Compel Arbitration should be denied.


Respectfully submitted, this 10th day of December, 2024.

By:    s/ Michael B. Schoenfeld
       Georgia Bar No. 863727
       STANFORD FAGAN LLC
       2540 Lakewood Avenue SW
       Atlanta, GA 30315
       (404) 622-0521, ext. 2244
       michaels@sfglawyers.com

## CERTIFICATION OF COMPLIANCE

The undersigned attorney hereby certifies, pursuant to LR 7.1(D), NDGa., that the foregoing **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FILE A SUR-SURREPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** was prepared in accordance with LR 5.1, NDGa., using Times New Roman font, 14 point.

By:   s/ Michael B. Schoenfeld

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I submitted the foregoing **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO FILE A SUR-SURREPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** to the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel of record for Defendant:

>John F. Wymer, III
>THOMPSON HINE LLP
>Two Alliance Center
>3560 Lenox Road, Suite 1600
>Atlanta, GA 30326-4266
>John.Wymer@ThompsonHine.com

                      By:    s/ Michael B. Schoenfeld